## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.H., <br><br>                              Petitioner, <br><br> v. <br><br> SYED JAFAR, M.D., SHARP MESA VISTA HOSPITAL and ANY AND ALL THIRD PARTIES WITH INTEREST, <br><br>                              Respondents. | Case No.: 25cv0782-DMS (JLB) <br><br> **ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING MOTIONS AS MOOT** |

A.H, proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, 28 U.S.C. § 2254, the Fifth and Fourteenth Amendments to the United States Constitution, the Americans with Disabilities Act, the Health Insurance Portability and Accounting Act, California Welfare and Institutions Code §§ 5150, 5250 & 5275, California Penal Code § 1473, International Human Rights Law, and the Goldwater Rule of the Administrative Procedures Act, Ethics Code § 7.3.  ECF No. 1 at 1-2.  Petitioner has also filed a Motion to file documents under seal, to proceed under a pseudonym, and to seal identifying information.  ECF No. 2.  The Petition claims that the involuntary 72-hour psychiatric hold Petitioner was held under in March 2019 was unlawful, improperly executed, and in violation of fundamental rights under United States and international law.

ECF No. 1 at 2-3, 6. Petitioner requests issuance of a writ of habeas corpus: (1) ordering "Petitioner's release from involuntary psychiatric hold and remove all harmful labels associated to event off petitioner's medical and clinical records," (2) declaring "the 5150-hold unlawful due to lack of due process and discriminatory conduct," (3) referring the committing psychiatrist Dr. Syed Jafar "for investigation by the California Medical Board and the Department of Justice for potential human/civil rights violations and medical malpractice, (4) extending "the statute of limitations for medical malpractice claims due to fraudulent concealment of evidence under CCP § 340.5," and (5) ordering "financial compensation." *Id*. at 4.

This Court lacks subject matter jurisdiction over Petitioner's habeas petition because Petitioner was not in custody when the petition was filed. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam) (a court may only entertain a habeas petition filed by individuals who are "in custody" at the time the petition is filed); *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010) (the "'in custody' requirement 'has been interpreted to mean that federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is 'under the conviction or sentence under attack at the time his petition is filed.'"), quoting *Maleng*, 490 U.S. at 490-91. Here, Petitioner indicates the 72-hour psychiatric hold sought to be challenged expired in March of 2019, over six years ago. ECF No. 1 at 6.

Accordingly, the Petition is **DISMISSED** for lack of subject matter jurisdiction. All pending motions are **DENIED** as moot. The Clerk of Court is directed to enter final judgment accordingly and close the file.

**IT IS SO ORDERED.**

Dated: April 7, 2025

Hon. Dana M. Sabraw
United States District Judge